UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**MORRIS EDWARDS, III**  **CIVIL ACTION NO. 21-0032**

**SECTION P**

**VS.**

**JUDGE S. MAURICE HICKS, JR.**

**BRANDON ORTIZ, ET AL.**  **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Morris Edwards, III, a prisoner at Catahoula Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 6, 2021, under 42 U.S.C. § 1983. He names Detective Sergeant Brandon Ortiz and Detective Corporal Mikandra Toney as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

On April 23, 2020, Detectives Ortiz and Toney arrested Plaintiff for theft under a warrant, but Plaintiff claims that the charge was fabricated. [doc. # 1, p. 3]. In the same encounter, he was also arrested for simple escape and resisting a police officer with force or violence. [doc. # 1-2, pp. 7, 18].

Plaintiff claims that three to four days later, Detectives Ortiz and Toney charged him, without probable cause, with simple burglary. [doc. # 1, p. 3]. He claims that every other day after that, Ortiz and Toney falsely charged him with additional counts of simple burglary. *Id.* He was charged with fourteen counts. *Id.* He faults Ortiz and Toney for charging

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

him without first conducting an adequate investigation, interviewing him, or obtaining evidence. [doc. # 5, pp. 1, 3, 6].

Plaintiff claims that Ortiz and Toney never read him his *Miranda* rights. [doc. #s 1, p. 3; 5, p. 7].

Plaintiff maintains that a judge with the First Judicial District Court, Caddo Parish, dismissed all fourteen counts of simple burglary, thereby "catching the detectives in their fabrication." He attaches a transcript of his preliminary examination hearing, where the judge found no probable cause to detain him on bond for the simple burglary charges. [doc. # 1-2, p. 18]. The judge did find probable cause to detain him for simple escape and resisting a police officer with force or violence. *Id.* An assistant district attorney then informed the judge that the State was charging Plaintiff by bill of information with fourteen counts of simple burglary. *Id.* at 19-20.

Plaintiff claims that Toney falsely testified at the hearing. [doc. # 5, p. 7].

Plaintiff faults defendants for harming his reputation, alleging that a television station displayed his face on a news program. *Id.* at 2, 7.

Plaintiff maintains that he was never convicted of any of the simple burglary charges. [doc. # 5, p. 4]. However, he also states that he was convicted of two charges he does not identify and that he "took C.T.S."[2] *Id.* at 8. On January 26, 2021, the district attorney informed this Court that Plaintiff pled guilty to resisting by force and two counts of simple burglary.

Plaintiff seeks $500,000.00 because of his incarceration, pain, suffering, inability to earn money, inability to obtain employment when he is released, and inability to see his family. [doc. #s 1, p. 4; 5, pp. 2, 3, 7].

---

[2] Presumably by "C.T.S.," Plaintiff means a judge sentenced him to credit for time served.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

4

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Fabricated Theft Charge**

In his first pleading, Plaintiff alleged that on April 23, 2020, Detectives Ortiz and Toney arrested him for theft under a warrant. [doc. # 3, p. 3]. Without identifying a responsible party, he claimed that the charge was fabricated. [doc. # 1, p. 3]. In his second pleading, Plaintiff claimed that Detective Ortiz charged him with "a fake theft." [doc. # 5, p. 2].

Plaintiff does not appear to fault Ortiz for *arresting* him for theft. Rather, he faults Ortiz for allegedly fabricating the charge. Apart from that, Plaintiff does not elaborate. He does not specify, for instance, whether he faults Ortiz for investigating the theft, for omitting information from a warrant application, for including false information in the warrant application, or for perhaps charging him after the warrant arrest. Without more, this claim is entirely conclusory, and the Court should dismiss it.[4]

**3. Failure to Read *Miranda* Rights**

Plaintiff claims that Ortiz and Toney never read him his rights under *Miranda v. Arizona*, 384 U.S. 436, 439 (1966). [doc. #s 1, p. 3; 5, p. 7]. The officers' alleged failure to read *Miranda* warnings, however, did not violate Plaintiff's constitutional rights and "cannot be grounds for a §

---

[4] See *Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019) ("Shaw's unadorned allegations are similarly conclusory. He has pleaded no specific facts showing that Villanueva and Ebrom misdirected Sotelo into issuing the arrest warrant. And so he has not established the exception to the independent-intermediary doctrine."); *Forbes v. Harris Cty., Texas*, 804 F. App'x 233, 239 (5th Cir. 2020) ("Forbes has not offered any evidence to support a finding that Deputy Paige made false statements in the first instance, let alone that he did so intentionally or recklessly. Forbes relies on conclusory allegations and speculation to support his claims of falsity . . . .").

1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003); see *Foster v. Carroll Cty.*, 502 F. App'x 356, 358 (5th Cir. 2012). The Court should dismiss these claims.

**4. False Charges**

Plaintiff claims that three to four days after his arrest, Ortiz and Toney charged him without probable cause with simple burglary. [doc. # 1, p. 3]. He claims that every other day after that, Ortiz and Toney falsely charged him with additional counts of simple burglary. *Id.* He faults Ortiz and Toney for charging him without first conducting an adequate investigation, interviewing him, or obtaining evidence. [doc. # 5, pp. 1, 3, 6].

Plaintiff maintains that a judge with the First Judicial District Court, Caddo Parish, dismissed all fourteen counts of simple burglary, thereby "catching the detectives in their fabrication." He attaches a transcript of his preliminary examination hearing, where the judge found no probable cause to detain him on bond for the simple burglary charges. [doc. # 1-2, p. 18]. The judge did find probable cause to detain him for simple escape and resisting a police officer with force or violence. *Id.* An assistant district attorney then informed the judge that the State was charging Plaintiff by bill of information with fourteen counts of simple burglary. *Id.* at 19-20.

Plaintiff appears to rely on the state court judge's determination at the preliminary examination hearing that there was no probable cause to detain him. However, under LA. CODE CRIM. PROC. art. 386, "Discharge of a defendant after a preliminary examination does not preclude the subsequent filing of an indictment, information, or affidavit against him for the same offense." As explained in Official Revision Comment (c) to LA. CODE CRIM. PROC. art. 296: "The court may order the release of the defendant, if it determines at the preliminary examination, that the state does not have a solid prima facie case against him. Such a release,

6

however, does not have the effect of a judicial dismissal of the pending information, since it merely releases the defendant from the inconvenience of custody or bail, and the district attorney still may decide whether the defendant is to be brought to trial or the charge dismissed, or whether a grand jury indictment will be sought."

It is manifest, from both the minutes of the preliminary examination and Louisiana law, that Plaintiff is incorrect: Ortiz and Toney did not charge him with the simple burglary counts; rather, the district attorney did by bill of information. [doc. # 1-2, pp. 19-20]. Louisiana Code of Criminal Procedure art. 61 provides, "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute."[5]

To the extent Plaintiff faults defendants for conducting a negligent investigation before alerting the district attorney to a possible crime, he fails to state a plausible claim. There is no freestanding right to be free from a negligent or reckless investigation. *Hernandez v. Terrones*, 397 F. App'x 954, 966 (5th Cir. 2010). Likewise, there is no freestanding claim that officers ignored exculpatory evidence. *Id.* Rather, these allegations may only color a false-arrest/malicious-prosecution claim. *Id.* ("We did not hold that the negligent investigation and ignoring of exculpatory evidence in *Sanders* were freestanding constitutional violations, rather, they were conduct supporting Sanders' claims for false arrest and illegal detention.").

---

[5] See *Lee v. Denoux*, 2019 WL 2501957, at *8 (E.D. La. June 14, 2019) ("Defendants are police officers involved in the investigation and arrest of Plaintiff in this case. Louisiana Code of Criminal Procedure Article 61 states that "the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." Therefore, Defendant police officers named in this case are not liable for any alleged errors in the filing of the Bill of Information.").

Here, Plaintiff does not allege that defendants arrested him for simple burglary; rather, he was charged post-arrest. And as above, he does not allege that defendants instituted the prosecution for simple burglary; rather, the district attorney did. To the extent Plaintiff seeks to raise a "freestanding" claim of a negligent or even reckless investigation unmoored from any allegation of false arrest/malicious prosecution, the Court should dismiss the claim.

Finally, to the extent Plaintiff claims that defendants, by their alleged inadequate investigation, somehow caused the district attorney to charge him without probable cause with the simple burglary counts, he fails to plead a plausible claim. "Allegations that an officer had exculpatory information in his possession but did not take the affirmative step of reviewing it are not sufficient to state a due process claim. Instead, as in *Sanders,* the plaintiff must demonstrate that the officer knew or should have known that the plaintiff was wrongly detained." *Harris v. Payne*, 254 F. App'x 410, 420 (5th Cir. 2007) (citations omitted). Here, Plaintiff does not plausibly allege that defendants knew or should have known that he was wrongfully detained. At best, he alleges that defendants' investigation was negligent, but "[m]ere negligence is insufficient to support a constitutional violation." *Stuart v. Hammond*, 218 F.3d 744 (5th Cir. 2000); see *Sanchez,* 139 F.3d at 469 ("[W]e have required proof that the official's actions went beyond mere negligence before th[e] tort [of false imprisonment] takes on constitutional dimensions.").

The Court should dismiss these claims.

**5. Perjury**

Plaintiff claims that Detective Toney falsely testified at the hearing. [doc. # 5, p. 7]. "Police officers are absolutely immune from liability for their allegedly perjurious testimony."

8

*Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006); see *Brown v. Jones*, 24 F.3d 238 (5th Cir. 1994). Thus, the Court should dismiss this claim

### 6. Harming Plaintiff's Reputation

Plaintiff faults defendants for harming his reputation, alleging that a television station displayed his face on a news program. *Id.* at 2, 7.

"[D]amage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 584 (5th Cir. 2012) (quoted source omitted). The Fifth Circuit describes this as the "stigma-plus-infringement" test. *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, *false* factual assertions by a state actor." *Id.* (emphasis added).

Here, Plaintiff does not identify any false factual assertions. He alleges only that a news program (as opposed to defendants) displayed his face. Absent additional detail, this claim is entirely conclusory. The Court should dismiss it.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Morris Edwards, III's claims be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking relief from defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of February, 2021.

Karen L. Hayes
United States Magistrate Judge